# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

ROBERT MOSES CAIN, ET AL.                                              PLAINTIFFS

v.                                                          No. 3:21-cv-136-BJB

ALEATHA K. SANDERS                                                     DEFENDANT

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Robert Moses and Donna-Jean Cain, proceeding *pro se*, sued Aleatha Sanders seeking "remedy by Cancellation of Assignment/Instrument." The assignment in question, it appears, "Clouded Title" to their property. Complaint (DN 1) at 1–2. Aleatha Sanders allegedly "notarized the signature of the [bank] Assignor's Vice-President … on the Assignment," but the pleadings don't indicate she was otherwise a party to the assignment or any other proceedings involving the Cains. Motion to Dismiss (DN 7-1) at 3.

The Cains moved for an entry of default (DN 6) on the ground that Sanders hadn't responded to the Complaint on time. *See* DN 5 (summons). But before the Court entered default, Sanders moved to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and failure to name necessary and indispensable parties. DN 7. The Cains then moved to strike Sanders's motion to dismiss because it "was filed out of time." DN 8 at 1.

The Court referred these motions to Magistrate Judge Edwards for a report and recommendation under Federal Rule of Civil Procedure 72(b). DN 12 (citing 28 U.S.C. § 636(b)(1)(B)). Her report recommended denying the motion for entry of default and motion to strike, and granting the motion to dismiss on multiple grounds. R&R (DN 16). The Cains filed a lengthy Objection to practically all of the Magistrate Judge's recommendations. DN 20. After reviewing the recommendations and the Objection, the Court agrees with Judge Edwards and dismisses the case for lack of subject-matter jurisdiction.

The Court reviews de novo the portions of the recommendation that the Cains objected to. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Judge Edwards' conclusions that the Cains weren't entitled to default and couldn't strike the motion to dismiss were sound: they suffered no prejudice and didn't show that the rare step of striking was appropriate. R&R at 2–4. But because "[s]ubject matter jurisdiction is always a threshold determination," the Court's consideration of this lawsuit begins (and ends) there. *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). For a 12(b)(1) motion, the plaintiff bears the burden of establishing

1

jurisdiction. *RMI Titanium co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). If the Court finds no subject-matter jurisdiction, then it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Judge Edwards first concluded no federal-question jurisdiction exists. R&R at 6; 28 U.S.C. § 1331. A federal question exists "when it is apparent from the face of the plaintiff's complaint … that the plaintiff's cause of action was created by federal law." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). According to the Cains, they state a cause of action under 42 U.S.C. § 1983 because they "were deprived of property by state court, without due process of law mandated by the Constitution." Objections (DN 20) at 7– 8. The state court allegedly violated the Due Process Clause because "the plaintiff was a Fictitious Entity/Plaintiff and Illusory Trust with no standing to take property under any theory under the color of law prong in state or federal court." *Id.* at 8. Further, the Cains explain, their action "could easily be converted to RICO." *Id.* But neither these statutes nor any other appears in the Complaint. Instead, all the factual allegations focus on the validity of the assignment and the Cains' attempts to contact the Florida Notary Division. *See* Complaint at 1–4. Even under the "less stringent standards" afforded *pro se* litigants, this raises no question of federal law. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotation omitted). And the Court "is not required to create a claim for a *pro se* plaintiff." *McAtee v. Audubon Country Club*, No. 3:21-cv-345, 2021 WL 4594668, at \*1 (W.D. Ky. Oct. 6, 2021).

As for diversity jurisdiction, the other way in which this Court might have jurisdiction over the subject matter of this case, Judge Edwards concluded the Cains hadn't alleged an amount in controversy exceeding the $75,000 minimum threshold required for federal courts. R&R at 6; 28 U.S.C. § 1332. In their Objection, the Cains assert damages in the amount of "$1,000.00 per monthly rental equaling for over 2 years = $24,000.00 from the time of expulsion, cost of moving loss and moving damages," "economic damages including but not limited to severe emotional distress and large economic damages," "statutory damages," and "attorney's fees and costs." Objections at 7.

The Complaint, however, simply requested a declaratory judgment to "be delivered to the Meade County Clerk's Office" to cancel the assignment. Complaint at 4. It said nothing about the value of that assignment or the requested judgment, which would supply the amount in controversy for a declaratory suit: "the value of the consequences which may result from the litigation." *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 852 (E.D. Mich. Nov. 26, 2019) (quoting *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011)). The Complaint contains no allegations to support the damages listed in the Objections and provides no facts the Court could use to ascertain the value of any consequences from declaring the assignment invalid. Therefore the Court agrees with Judge Edwards that the case doesn't satisfy the amount-in-controversy threshold for this Court's jurisdiction.

The Cains also appear to request leave to amend the Complaint to add the damages they listed in the Objections. *See* Objections at 7 ("Actual Damages and or Request to Amend"). The Court denies this request, if it is one, as futile. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (amendment is futile if it "would not permit the complaint to survive a motion to dismiss"). First, no "statutory damages" are available because the Cains have not stated a cause of action under any statute, much less one remedied through statutory damages. Second, the "large economic damages" are a "conclusory allegation" that the Court needn't accept for determining the amount in controversy. *Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 294 (6th Cir. 2001). Third, attorney fees are generally not included within the jurisdictional amount, except when authorized by state statute or by contract, 14AA Wright & Miller, Federal Practice & Procedure §§ 3704.2, 3712 (4th ed.), and here the Cains identify no potential entitlement to or calculation of fees. Fourth, the diversity statute expressly excludes "costs" from the amount in controversy. 28 U.S.C. § 1332(a). The final remaining component of alleged damages, the Cains' $24,000 calculation, obviously does not exceed $75,000.

### ORDER

The Court overrules the Cains' Objections (DN 20) and adopts the report and recommendation consistent with this opinion (DN 16). In light of this disposition, addressing the R&R's alternative reasons for dismissal is unnecessary. The Court therefore dismisses the case for lack of subject-matter jurisdiction and denies the remaining motions (DNs 6, 7, 8) as moot.

Benjamin Beaton, District Judge

United States District Court

February 24, 2022

3